UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN J. BURR, individually and as
personal representative of the estate of
Bernadeen L. Burr,

    Plaintiff,

v.                                                    CASE NO: 8:07-cv-1429-T-23MSS

PHILIP MORRIS, USA and
RJ REYNOLDS TOBACCO COMPANY,

    Defendants.
_____/

**ORDER**

On August 6, 2007, the plaintiff sued Philip Morris, USA, ("Philip Morris") and RJ Reynolds Tobacco Company (as successor to The American Tobacco Company) in state court. The complaint alleges that the plaintiff's decedent was fatally afflicted with lung cancer as a result of smoking cigarettes manufactured by the defendants, and the complaint asserts claims of fraudulent misrepresentation, fraud by concealment, conspiracy, breach of implied warranty, strict liability, negligence, and loss of consortium.[1] On August 13, 2007, Philip Morris removed (Doc. 1) the action under 28 U.S.C. § 1441(a) and alleged diversity jurisdiction under 28 U.S.C. § 1332(a).

---

[1] This lawsuit began after Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006), cert denied, 128 S. Ct. 96 (Oct. 1, 2007). Following a lengthy "phase I" jury trial involving a class of Florida smokers to which the plaintiff and the plaintiff's decedent allegedly belong, Engle decertifies the class but purports to permit certain preclusive consequences in subsequent individual actions, each of which is commonly known as an "Engle progeny" action.

An August 17, 2007, order (Doc. 7) stayed this action pending an anticipated transfer by the Judicial Panel on Multidistrict Litigation (the "JPML"), and a December 28, 2007, order (Doc. 9) lifted the stay following the JPML's denial of transfer. During the pendency of the stay, the defendants in similar Engle progeny suits that named Philip Morris and RJ Reynolds–but also Liggett Group LLC ("Liggett") or Vector Group Limited, Inc., ("Vector")–removed based on the allegedly fraudulent joinder of Liggett or Vector. Several federal courts rejected the claim of fraudulent joinder and granted the plaintiffs' motions to remand.[2]

On January 10, 2008, the plaintiff moved (Doc. 12[3]) for leave to amend the complaint to join as defendants (1) Lorillard Tobacco Company, (2) Liggett, and (3) Vector. On the same day, the plaintiff moved (Doc. 11) to remand the action because (as neither party disputes) Liggett and Vector are Florida citizens and not diverse from the plaintiff. Philip Morris responds in opposition (Docs. 13, 14) to both motions, and the plaintiff (Doc. 22) replies.

The plaintiff seeks to join non-diverse defendants whose joinder destroys subject matter jurisdiction. See Ingram v. CSX Transp., Inc., 146 F.3d 858, 861-62 (11th Cir. 1998). In this situation, "the court may deny joinder, or permit joinder and remand the

---

[2] See Miller v. R.J. Reynolds Tobacco Co., No. 07-cv-21274 (JLK) (S.D. Fla. Aug. 17, 2007); Brown v. R.J. Reynolds Tobacco Co., No. 07-cv-60432 (DMM) (S.D. Fla. August 22, 2007); Olonso v. R.J. Reynolds Tobacco Co., No. 07-cv-22252 (JLK) (S.D. Fla. Sept. 13, 2007); Ross v. R.J. Reynolds Tobacco Co., No. 07-cv-22251 (JLK) (S.D. Fla. Sept. 12, 2007); Davies v. R.J. Reynolds Tobacco Co., No. 07-cv-22308 (FAM) (S.D. Fla. Sept. 25, 2007); Ellis v. R.J. Reynolds Tobacco Co., No. 07-cv-21503 (SH) (S.D. Fla. Oct. 3, 2007); see also Doc. 11 at 5.

[3] The motion evidently relates in part to the wrong case. The motion states (Doc. 12 ¶ 5): "On October 15, 2007, the Plaintiffs filed their Amended Complaint, naming as Defendants Lorillard Tobacco Company and Philip Morris USA. The only difference between the original complaint and the amended complaint was the naming of Defendant Lorillard." The docket reveals no amended complaint, and Lorillard is not a defendant in this case.

action to the State court." 28 U.S.C. § 1447(e).  Section 1447(e) requires weighing a defendant's interest in retaining the federal forum against the interest in avoiding the waste attending parallel federal and state litigation.  Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  In balancing these interests, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  Hensgens, 833 F.2d at 1182; Sharp v. Wal-Mart Stores, Inc., No. 06-817, 2007 WL 215644, *2-3 (S.D. Ala. Jan. 25, 2007) (citing Hensgens, 833 F.2d at 1182).  However "the parties do not start out on an equal footing.  This is because of the diverse defendant's right to choose between a state or federal forum.  Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes."  Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) (citing Hensgens, 833 F.2d at 1181).

Both the Hensgens factors and the equities weigh against joinder.  First, the record suggests that the principal if not the sole motive of the amendment is to defeat federal jurisdiction.  The initial complaint alleged a conspiracy including the defendants and "other tobacco companies."  Although knowing the identity and potential liability of the alleged co-conspirators (including both Liggett and the alleged predecessor of Vector) when filing the complaint,[4] the plaintiff initially chose to sue only the two tobacco

---

[4] The initial complaint alleges (Doc. 2 ¶ 6) that the plaintiff's decedent is a member of the Engle class and expressly mentions the Florida Supreme Court's decision in Engle, No. SC03-1856, 2006 WL 1843363 (Fla. July 6, 2006), which was subsequently revised on rehearing by Engle v. Liggett Group, Inc.,
(continued...)

companies that (as the plaintiff believed[5]) manufactured the plaintiff's decedent's cigarettes of choice.  The plaintiff moved to join Liggett and Vector, not as a consequence of post-removal discovery, but only after other courts suggested that the joinder of Liggett or Vector defeats diversity.  These circumstances strongly evidence the proposed amendment's intention, first and foremost, to defeat federal jurisdiction.[6]  The plaintiff provides no convincing alternative explanation for the sudden and otherwise unaccountable resolve to sue Liggett and Vector.  Second, the plaintiff demonstrates no injury from denial of the amendment (e.g., the inability of the defendants to satisfy an adverse judgment).[7]  Third, allowing amendment accomplishes no judicial economy.  In short, the equities favor preserving Philip Morris's choice of a federal forum.

---

[4](...continued)
945 So. 2d 1246 (Fla. Dec. 21, 2006).  The Engle defendants included Liggett Group Inc., and Brooke Group Holding Inc., ("BGH"), see Engle, 945 So.2d at 1256 n.3, and the plaintiff states (Doc. 12 at 3) that Vector is the parent of and successor to both Liggett and BGH.

[5] See Doc. 2 ¶ 8 (stating that the "decedent's cigarettes of choice were Parliament cigarettes manufactured by Philip Morris, USA, and Pall Mall and Kent cigarettes manufactured by The American Tobacco Company."); Doc. 2 ¶ 5 ("[D]efendant RJ Reynolds Tobacco Company . . . is a successor by merger to The American Tobacco Company.").  But see Doc. 13 at 3 n. 3 ("Plaintiff's allegation that Kent cigarettes were manufactured by the American Tobacco Company is incorrect in that Kent cigarettes were manufactured by Lorillard Tobacco Company."); Makras v. RJ Reynolds Tobacco Company, No. 07-1837-T-23MAP (M.D. Fla.) ("Motion to File Second Amended Complaint" ¶¶ 3, 6-7) (Jan. 10, 2008).

[6] See Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); Vazquez v. Lowe's Home Ctrs., Inc., 2007 U.S. Dist. LEXIS 2777, at 3-4 (M.D. Fla. Jan. 11, 2007); In re Norplant Contraceptive Prods. Liability Litig., 898 F. Supp. 429, 432 (E.D. Tex. 1995); see also Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999) ("Especially where . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

[7] The proposed amended complaint does not allege that the plaintiff's decedent smoked cigarettes manufactured, marketed, or sold by Liggett or Vector.  Cf. Engle, 945 So. 2d at 1276 (affirming reversal of judgment in favor of the named class representatives and against Liggett Group, Inc., and Brooke Group Holding, Inc., in part because of the undisputed fact that "the Liggett defendants did not manufacture or sell any of the products that allegedly caused injury to the individual plaintiff representatives.").

Accordingly, the plaintiff's motion for leave to amend the complaint (Doc. 12) and motion to remand (Doc. 11) are **DENIED**.  On or before **June 16, 2008**, the parties shall meet and confer for the purpose of preparing and filing a case management report as required by Local Rule 3.05.

ORDERED in Tampa, Florida, on May 28, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE